UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
:
YA GLOBAL INVESTMENTS, L.P., :
: Honorable Madeline Cox Arleo
Plaintiff, : Civil Action No. 09-2107 (JAG)
:
v. : **REPORT AND RECOMMENDATION**
:
MCKENZIE BAY INTERNATIONAL :
LTD., MTI ENERGY MANAGEMENT/ :
LIGHTING SPECIALIST, INC., and :
SIGNATURE STOCK TRANSFER, INC., :
:
Defendants. :
_____ :

This matter comes before the Court upon the motion of plaintiff, YA Global Investments, L.P. ("Plaintiff"), to remand the pending action to the Superior Court of New Jersey, Chancery Division, Hudson County, and for an award of attorney's fees upon notice to defendants, McKenzie Bay International Ltd. ("McKenzie Bay"), Signature Stock Transfer, Inc. ("SST"), and MTI Energy Management/Lighting Specialist, Inc. ("MTI") (sometimes collectively referred to as "Defendants"), pursuant to 28 U.S.C. § 1447(c).[1] District Judge Joseph A. Greenaway, Jr., referred Plaintiff's motion to me for Report and Recommendation.

This Court held oral argument on May 22, 2009, and the Court issued a ruling from the bench on that same date, respectfully recommending that Plaintiff's motion to remand, pursuant

---

[1] On May 7, 2009, Plaintiff's counsel wrote to the Court, asserting that there was no federal subject matter jurisdiction over the civil action because complete diversity did not exist among all of the parties. Given the temporary restraints imposed by the presiding state court judge, Plaintiff sought a quick resolution of this jurisdictional issue. Accordingly, pursuant to this Court's May 8, 2009, telephone conference with the parties, the Court issued an Order on May 8, 2009, accepting counsel's May 7, 2009 letter as an informal motion to remand, and provided the parties with an expedited briefing schedule and date for oral argument.

to 28 U.S.C. § 1447(c), be granted, and that Plaintiff's request for attorney's fees, pursuant to 28 U.S.C. § 1447(c), be denied. This written opinion supplements the Court's oral opinion and further sets forth the reasoning of the May 22, 2009 ruling on the record, pursuant to LOCAL CIVIL RULE 52.1.

## I.     BACKGROUND

On April 28, 2009, Plaintiff filed a Verified Complaint and an application for an Order to Show Cause with temporary restraints in state court. Specifically, in the Complaint, Plaintiff alleges that McKenzie Bay, SST, and MTI unlawfully interfered with Plaintiff's attempts to exercise its conversion rights under a series of convertible debentures issued by McKenzie Bay to Plaintiff. As a result of this alleged conduct, Plaintiff contends that Defendants committed contractual breaches and tortious conduct in violation of New Jersey common law; New Jersey's Uniform Commercial Code; New Jersey's Uniform Fraudulent Transfer Act, N.J.S.A. § 25:2-25(a), (b); and Texas' Uniform Commercial Code.

On April 29, 2009, Superior Court Judge Thomas Olivieri, heard Plaintiff's application for temporary restraints against Defendants and for expedited discovery. Judge Olivieri issued an Order to Show Cause and imposed temporary restraints against Defendants, among other things, prohibiting McKenzie Bay from transferring any assets, stock or interests therein to any third parties except in the ordinary course of business and requiring McKenzie Bay and SST to hold 90 million shares of McKenzie Bay common stock in reserve for Plaintiff's benefit. Judge Olivieri set June 8, 2009 as the return date for the preliminary injunction.

On May 5, 2009, MTI removed the pending state court action to this Court, pursuant to 28 U.S.C. § 1441, based on diversity jurisdiction. Plaintiff does not dispute the timeliness of the

filing of MTI's Notice of Removal. On the face of the removal petition, SST and McKenzie Bay indicated their consent to the removal of this action. (See Notice of Removal, ¶ 7 and pp. 6-7).

On or about May 7, 2009, Plaintiff filed the pending informal motion to remand, pursuant to 28 U.S.C. § 1447(c). In support of its motion, Plaintiff claims that remand is proper because MTI has not met its burden of proving complete diversity of citizenship between Plaintiff and all of the defendants for establishing subject matter jurisdiction.

For the reasons set forth on the record and herein, it is respectfully recommended that Plaintiff's motion to remand be **GRANTED**.

## II.     LEGAL DISCUSSION

As a threshold matter, 28 U.S.C. § 1332(a) provides that a district court has subject matter jurisdiction over state law claims if each of the plaintiffs is a citizen from a state different from each defendant and the amount in controversy exceeds $75,000. "The party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court." Samuel-Bassett v. Kia Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004). "[A] party who urges jurisdiction on a federal court bears the burden of proving that jurisdiction exists." Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990). Thus, in opposing a motion to remand based on lack of subject matter jurisdiction, the removing party, here MTI, bears this burden. Accordingly, "a removing party who charges that a plaintiff has fraudulently joined a party to destroy diversity of jurisdiction has a 'heavy burden of persuasion.'" Boyer, 913 F.2d at 111 (quoting Steel Valley Auth. v. Union Switch and Signal Div., 809 F.2d 1006, 1012 n.6 (3d Cir. 1987)). "[C]ourts construe removal statutes strictly with all doubts resolved in favor of remand." USX Corp. v. Adriatic Ins. Co., 345 F.3d 190, 206 (3d

Cir. 2003).

"In evaluating the alleged fraud[ulent joinder], the district court must focus on the plaintiff's complaint at the time the petition for removal was filed.  In so ruling, the district court must assume as true all factual allegations of the complaint.  It also must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." Batoff v. State Farm Ins. Co., 977 F.2d 848, 851-52 (3d Cir. 1992).

In Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 32 (3d Cir. 1985), the Third Circuit stated that joinder is considered fraudulent "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." Boyer, 913 F.2d at 111.  "'If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.'" Boyer, 913 F.2d at 111 (quoting Coker v. Amoco Oil Co., 709 F.2d 1433, 1440-41 (11th Cir. 1983)).

Turning to this case, as Defendants urge that this Court has federal jurisdiction, Defendants bear the heavy burden of proving that jurisdiction exists.  That Plaintiff did not identify the citizenship of its limited partners in its state court Verified Complaint does not excuse Defendants' affirmative obligation to establish diversity of citizenship under the removal statutes.

Here, it is undisputed that Defendant MTI is a citizen of Michigan, Defendant McKenzie

4

Bay is a citizen of Delaware and Michigan, and SST is a citizen of Texas.[2] (See Notice of Removal, ¶ 11). It is also undisputed that Plaintiff is a Cayman Islands exempt limited partnership with a principal place of business in New Jersey. (See Compl., ¶ 3; Notice of Removal, ¶ 12). In its removal petition, MTI alleges diversity jurisdiction exists under 28 U.S.C. §1332, in that there is complete diversity of citizenship between the "proper" parties (i.e., Plaintiff and defendants MTI and McKenzie Bay), and Plaintiff's claims exceed $75,000.

However, in its remand motion, Plaintiff submits that under § 1332, the citizenship of a business entity depends, in part, on whether the entity is incorporated. As to a partnership or another unincorporated association, such as Plaintiff here, these entities "are not considered 'citizens' as that term is used in the diversity statute." Swiger v. Allegheny Energy, Inc., 540 F.3d 179, 182 (3d Cir. 2008). Rather, "courts are to look to the citizenship of all the partners (or members of other unincorporated associations) to determine whether the federal district court has diversity jurisdiction." Id. See Lincoln Prop. Co. v. Roche, 546 U.S. 81, 84 n.1 (2005).

Here, Plaintiff contends that it is a limited partnership. According to Plaintiff, diversity jurisdiction turns on whether any partner of Plaintiff is a citizen of the same state as any of the defendants. Plaintiff argues that one of its partners is a citizen of Texas, and Defendant SST is a citizen of Texas. Therefore, complete diversity among the parties is lacking, and thus, the case must be remanded.

In support of its motion, Plaintiff submitted the May 11, 2009, Declaration of Troy J. Rillo, a Senior Managing Director of Yorkville Advisors, LL, Plaintiff's investment manager.

---

[2]For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business..." 28 U.S.C. § 1332(c)(1).

The Declaration discloses that at least two of Plaintiff's limited partners are citizens of Texas. (Rillo Decl., ¶ 4). Therefore, consistent with Third Circuit law, this Court finds there is no complete diversity among the parties because both Plaintiff and Defendant SST are citizens of Texas. Defendants do not oppose this contention. Rather, Defendants respond that SST has been fraudulently joined to defeat diversity because there is no personal jurisdiction over SST warranting its dismissal from the case. Significantly, during oral argument, counsel for MTI and SST conceded that they are not challenging the substantive merits of Plaintiff's claims. Rather, these defendants oppose the remand motion based solely on their challenge to Plaintiff's claim that personal jurisdiction exists over SST in New Jersey.

Defendants urge this Court to address whether personal jurisdiction exists over SST before reaching the issue of whether the Court has subject matter jurisdiction over the case. Defendants submit that it is proper for a district court to address personal jurisdiction first in connection with a remand motion where a non-diverse defendant has been fraudulently joined. In support of its position, Defendants rely on several cases outside this Circuit as well as the Supreme Court case of <u>Ruhrgas Ag v. Marathon Oil Co.</u>, 526 U.S. 574 (1999).

However, Defendants' reliance on <u>Ruhrgas</u>, a diversity case, is misplaced. Notwithstanding Defendants' assertions to the contrary, the Supreme Court did not suggest that, as a general rule, personal jurisdiction should be resolved <u>before</u> addressing subject matter jurisdiction. Indeed, the Supreme Court noted that "in most instances subject-matter jurisdiction will involve no arduous inquiry. . . . In such cases, both expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of that issue first." 526 U.S. at 587-88. The Supreme Court ultimately held:

6

> Where, as here, however, a district court has before it a straightforward personal jurisdiction issue presenting no complex question of state law, and the alleged defect in subject-matter jurisdiction raises a difficult and novel question, the court does not abuse its discretion by turning directly to personal jurisdiction.

Id. at 588.

Unlike the situation in Ruhrgas, before this Court is a straightforward subject matter jurisdiction issue based on diversity of citizenship. As set forth above, there is no dispute that two of Plaintiff's limited partners and Defendant SST are citizens from Texas. Thus, complete diversity among the parties is lacking, and the case must be remanded unless Defendants can satisfy their heavy burden of establishing that SST has been fraudulently joined.

This Court finds that Defendants have not met this heavy burden. Defendants merely state that SST cannot be counted for purposes of diversity because there is no colorable basis in law or fact to support Plaintiff's claims against SST. While Defendants recite the proper standard for a fraudulent joinder analysis, Defendants do not accurately apply it. Indeed, as noted above, at oral argument, defense counsel conceded that they are not challenging the viability of any of Plaintiff's state law claims against SST. Rather, Defendants' challenge to complete diversity is based solely on their contention that the Court lacks personal jurisdiction over SST. As set forth above, this Court need not resolve the complex issue of personal jurisdiction in connection with Plaintiff's remand motion.

As to joinder, accepting as true the allegations in Plaintiff's Verified Complaint, this Court cannot find there is no "reasonable basis in fact or colorable ground" supporting the state law claims against SST. In other words, this Court finds that a possibility exists that the state court would find that Plaintiff's complaint states a cause of action against SST under New Jersey

and/or Texas state law. Accordingly, this Court is satisfied that joinder was proper, thereby divesting this Court of subject matter jurisdiction under section 1332. See Boyer, 913 F.2d at 111-12; Batoff, 977 F.2d at 851-52.

With respect to Plaintiff's request for an award of attorney's fees incurred as a result of challenging the removal, this Court respectfully recommends that Plaintiff's request be denied. Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." While a district court has discretion to award fees, I cannot conclude that, while MTI, as the removing party, failed to satisfy its burden of proving complete diversity exists among the parties, MTI lacked an "objectively reasonable basis," for seeking removal.

### III.  CONCLUSION

Having considered the parties' submissions, having good cause, and for the reasons set forth above and on the record on May 22, 2009, it is respectfully recommended that Plaintiff's motion to remand the pending civil action to the Superior Court of New Jersey, Chancery Division, Hudson County, pursuant to 28 U.S.C. § 1447(c), be **GRANTED**; and it is further respectfully recommended that Plaintiff's request for an award of attorney's fees, pursuant to 28 U.S.C. § 1447(c), be **DENIED**. The parties have ten (10) days from the date hereof to file objections.

s/Madeline Cox Arleo
MADELINE COX ARLEO, U.S.M.J.

Date: May 26, 2009